# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) Crim. No. 0419 3:20CR00385-005
)
Melissa Renee Eagly )
Defendant )

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon Petition of the U.S. Probation Office and Addendum thereto, joined herein by the United States and the defendant, to revoke the supervised release of defendant Melissa Renee Eagly for good cause shown therein, and based on agreement of the parties as set forth herein:

### AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant stipulates and agrees that he/she has violated the terms and conditions of supervised release in the following respects:

### Petition for Warrant for Offender Under Supervision – Filed 09/20/2024

1. **DRUG/ALCOHOL USE (Date violation concluded: 9/3/2024).**
   The defendant has violated the condition of supervision that states, "the defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner". **Specifically,**

   A. On 3/18/2024, the defendant provided a sample for urinalysis which yielded a positive result for amphetamine(s). The defendant also signed a written admission to the use of "methamphetamine(s)".

   B. On 5/29/2024, the defendant provided a sample for urinalysis which yielded a positive result for amphetamine(s). On this same date, the defendant also signed a written admission to the use of "methamphetamine(s)".

1

    C. On 6/12/2024, the defendant provided a sample for urinalysis which yielded a positive result amphetamine(s). The defendant also signed a written admission to the use methamphetamine(s). This sample was sent to Alere Toxicology Services and the report confirmed the presence of methamphetamine(s).

    Additionally, urinalysis results collected on 6/14/2024 and 6/17/2024 would also yield positive results for amphetamine(s); however, these two instances of non-compliance were the result of testing conducted at a treatment provider and were addressed as a single relapse surrounding the events reported in paragraph C.

**The instances of non-compliance listed above were reported to the court by way of the modification filed in this case on 8/1/2024.**

    D. On 8/15/2024, the defendant provided a sample for urinalysis which yielded a positive result amphetamine(s). The defendant also signed a written admission to the use of "meth".

    E. On 9/3/2024, the defendant provided a sample for urinalysis which yielded a positive result amphetamine/methamphetamine. This sample was sent to Alere Toxicology Services and the report confirmed the presence of methamphetamine.

    When confronted about these urinalysis results, the defendant denied illegal drug use.

(Grade C)

2. **UNAUTHORIZED COMMUNICATION/INTERACTION WITH FELON (Date violation concluded: 6/17/2024).**
The defendant has violated the condition of supervision that states, "the defendant shall not communicate or interact with any persons he/she knows is engaged in criminal activity and shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer." **Specifically,**

On 6/17/2024, the defendant both verbally and in writing, admitted that she was in contact with a person known to her to be a convicted felon and person engaged in criminal activity.

2

The defendant admitted that she was actively in contact with a person named "Hunter Johnson" who she knew to have previously been convicted of a felony drug offense and knew him to be a person who was actively using/distributing methamphetamine.

**The instance of non-compliance listed above was reported to the court by way of the modification filed in this case on 8/1/2024**

(Grade C)

3. **FAILURE TO COMPLY WITH HOME DETENTION (Date violation concluded: 9/10/2024).**

    The defendant has violated the condition of supervision that states, "the defendant shall submit to home detention, with location monitoring technology, for a period of 60 DAYS and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer. The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service." **Specifically,**

    A. On 9/10/2024, a review of the defendant's location monitoring technology report revealed that the defendant left her residence without the permission or pre-approval from her probation officer while participating in home detention on three specific occasions in the early morning hours of 9/9/2024. The three unauthorized leave events occurred between 2:42AM-2:59AM, 3:04AM-3:15AM and 3:15AM-3:30AM.

    The defendant later admitted that she "left her residence on multiple occasions in those early morning hours to go check on her partner Paul Wray who was out in the yard". The defendant could not articulate the amount of time she was in the yard but stated she was checking on Paul Wray as he was asleep/passed-out in the yard".

3

B. On 9/20/2024, the defendant verbally admitted to her probation officer that in the evening hours of 9/10/2024, she slept outside of her residence in a vehicle while participating in home detention. The defendant did not have permission from her probation officer to do so.

The defendant stated that she needed to "cool off for comfort purposes" and chose to sleep outside in her vehicle. This was not previously known to the

(Grade C)

### Addendum to Petition for Warrant for Offender Under Supervision – Filed 09/26/2024

1. **DRUG/ALCOHOL USE (Date violation concluded: 9/18/2024).**
   The defendant has violated the condition of supervision that states, "the defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner". **Specifically,**

   F. On 9/11/2024, the defendant provided a sample for urinalysis which yielded a positive result for amphetamine(s).

   G. On 9/18/2024, the defendant provided a sample for urinalysis which yielded a positive result for amphetamine(s).

   **Note to the court: The urinalysis results collected on 9/11/2024 and 9/18/2024 were not received by the probation office until after the filing of the original petition on 9/20/2024.**

   H. On 9/24/2024, the defendant provided a sample for urinalysis which yielded a positive result for amphetamine(s).

On 9/26/2024, the defendant signed a written admission to the use methamphetamine(s) on 9/3/2024, 9/11/2024, 9/18/2024, 9/24/2024.

(Grade C)

The parties stipulate, pursuant to the Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant has a Criminal History Category of I and that the defendant's violations are a maximum Grade C.

Based thereon the parties stipulate, pursuant to U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of I is a term of imprisonment from 3 to 9 months.

If accepted by the Court, the parties agree, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and 32.1, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of 3 months, to be followed by 24 (TWENTY-FOUR) months of supervised release, as set forth below in the Agreed Sentence section of this Order. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the Petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

The defendant further acknowledges that the Court may impose conditions of supervised release different from or in addition to those that were imposed in the original Judgment.

**APPROVED**

_____
Melissa Renee Eagly
Defendant

_____
Attorney for Defendant
Brandon Roseman

_____
Assistant United States Attorney
Shavonn Bennette

_____
Supervisory U.S. Probation Officer
Jackie Anderson

_____
U.S. Probation Officer
Joseph Shannon-Kellerman

6

Case 3:20-cr-00385-RJC-DCK    Document 414    Filed 12/27/24    Page 6 of 9

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Melissa Renee Eagly be and is hereby SENTENCED to a term of imprisonment of 3 MONTHS on Count 1ss and Count 10ss of the Judgment, to be served concurrently.

It is further ORDERED that after being released from the sentence of imprisonment ordered herein, the defendant be and is hereby ORDERED to serve an additional term of supervised release of 24 (TWENTY-FOUR) months, on Count 1ss and Count 10ss of the Judgment, to be served concurrently.

It is further ORDERED that during the additional term of supervised release, the defendant must abide by the following mandatory and discretionary conditions that have been adopted by this Court, as well as the following agreed upon special conditions of supervised release:

Mandatory Conditions:
1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, unless the condition of mandatory drug testing is waived below.

   *Check if waived*: ☐ The condition for mandatory drug testing is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.
4. The defendant shall cooperate in the collection of DNA as directed by the probation officer (unless omitted by the Court).

Discretionary Conditions:
1. The defendant shall report to the probation office in the federal judicial district where he/she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. The defendant shall report to the probation officer in a manner and frequency as directed by the Court or probation officer.

3. The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer. However, defendant may refuse to answer a question if the truthful answer would tend to incriminate him/her of a crime. Refusal to answer a question on that ground will not be considered a violation of supervised release.

5. The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives). If advance notification is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit him/her at any time at his/her home or any other reasonable location as determined by the probation office, and shall permit the probation officer to take any items prohibited by the conditions of his/her supervision that the probation officer observes.

7. The defendant shall work full time (at least 30 hours per week) at lawful employment, actively seek such gainful employment or be enrolled in a full time educational of vocational program unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment or education.

8. The defendant shall not communicate or interact with any persons he/she knows is engaged in criminal activity, and shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer.

9. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential informant without first getting the permission of the Court.

12. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.

13. The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court).

14. The defendant shall not go to, or remain at any place where he/she knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

15. The defendant shall submit to a search if the Probation Officer has a reasonable suspicion that the defendant has committed a crime or a violation of a condition of supervised release. Such a search may be conducted by a U.S. Probation Officer, and such other law enforcement personnel as the probation officer may deem advisable, without a warrant or the consent of the defendant. Such search may be of any place where evidence of the above may reasonably be expected to be found, including defendant's person, property, house, residence, vehicle, communications or data storage devices or media or office.

16. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.

17. The defendant shall support all dependents including any dependent child, or any person the defendant has been court ordered to support.

18. The defendant shall participate in transitional support services (including cognitive behavioral treatment programs) and follow the rules and regulations of such program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer.

19. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

Special Conditions:

1. The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.

2. The defendant shall participate in the Charlotte Rescue Mission treatment program and successfully complete the program as directed by the probation officer.

In all other respects, the Judgment previously entered in this matter remains in full force and effect.

So ORDERED and ADJUDGED, this the 23rd day of __December__, 20 24.

_Robert J. Conrad_
Robert J. Conrad, Jr.
US District Judge